Eva M. Weiler (SBN: 233942)
eweiler@shb.com
Brian Ziska (SBN: 272043)
bziska@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949-475-1500
Facsimile: 949-475-0016

Michael J. Carroll (admitted *pro hac vice*)
mcarroll@shb.com
SHOOK, HARDY & BACON L.L.P
2555 Grand Boulevard
Kansa City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547

Attorney for Defendant Boston Scientific Corporation

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHROU TOUBIAN, AN INDIVIDUAL; AND KAMRAN TOUBIAN, AN INDIVIDUAL<br><br>PLAINTIFFS,<br><br>VS.<br><br>BOSTON SCIENTIFIC CORPORATION, A DELAWARE CORPORATION; AND DOES 1 TO 100, INCLUSIVE,<br><br>Defendants. | Case No. CV 14-2954-JFW (VBKx)<br><br>Judge: Hon. John F. Walter<br>Ctrm: 16<br><br>[**PROPOSED**] STIPULATED PROTECTIVE ORDER<br><br>*DISCOVERY MATTER*<br><br>[Filed concurrently with Stipulation for Protective Order]<br><br>Complaint Filed: April 8, 2014 |

Pursuant to Fed. R. Civ. P. 26(c), the parties have stipulated to and petitioned the Court to enter the following Stipulated Protective Order. In order to establish good cause for this Order, to protect the public interest, and to allow for future judicial review or public challenges, the parties have stipulated to the following facts, and the

1

1  following principles are the basis upon which documents and information in this
2  action may be determined to be subject to this Stipulated Protective Order.

3  Businesses such as the Defendant Boston Scientific Corporation ("BSC" or
4  "Defendant") ordinarily maintain the confidentiality of trade secrets and other
5  confidential research, development, or commercial information (as those terms are
6  used in Fed. R. Civ. P. 26(c)). Such businesses derive a competitive advantage from
7  the foregoing information and from the fact that such information is kept confidential.
8  In addition, because this case involves the performance of medical devices and the
9  provision of medical care, medical records, including those of Plaintiffs Mahrou
10 Toubian and Kamran Toubian, are relevant. Many such records include patient-
11 identifying information and are otherwise protected from disclosure by the physician-
12 patient privilege, HIPAA, or other applicable law. However, some do not, and others
13 may be redacted.

14 Both Plaintiffs and Defendant have taken reasonable steps to maintain the
15 confidentiality of such information as is in their possession, custody, or control.
16 There is now pursuant to Court Order, however, a requirement for discovery of certain
17 of such information in this action, provided that confidentiality can be preserved. Not
18 only may the foregoing information constitute "trade secrets" under state law, the
19 information qualifies as "other confidential research, development, or commercial
20 information" within the meaning of Fed. R. Civ. P. 26(c), and the Court so finds. In
21 addition, the protection of certain information from unnecessary disclosure is
22 necessary to protect the privacy of the parties and, under Fed. R. Civ. P. 26(c), is
23 necessary to protect them from "annoyance" and "embarrassment."

24 Accordingly, the parties have stipulated and agreed -- and the Court now finds
25 that good cause has been shown and therefore orders -- that discovery in this action
26 shall be subject to the following restrictions and that the following terms and
27 conditions shall govern the treatment of Confidential Information in this proceeding.

28

1. **Definitions**.

    *(a)* *Confidential Information.* "Confidential Information" refers to information, documents, or other material that the designating party reasonably and in good faith believes constitutes or reflects trade secrets or information whose confidentiality is otherwise protectable under applicable law.  This includes but is not limited to confidential research, development, or commercial information (as those terms are used in Fed. R. Civ. P. 26(c)), and personal medical information, private personal information, protected health information, tax returns, and other information reasonably sought to be kept confidential.

    *(b)* *Defendant.* "Defendant" refers to Boston Scientific Corporation and any of its affiliates.

    *(c)* *Parties.* "Parties" refers to all parties, both Plaintiffs and Defendant, in this civil action.

2. **Designation of Confidential Information.**  Any party may reasonably designate any document containing Confidential Information, or any portion thereof, which it may produce as "Confidential" by labeling the document to be so designated substantially as follows: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER."  Flash drives or disks containing Confidential files or documents may be delivered in envelopes marked "ALL CONTENTS CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" in which case each and every individual file or document on such drives or disks shall be deemed to be Confidential Information hereunder.

3. **Use of Confidential Information.**  Anyone who is provided with access to Confidential Information under this Order shall use such information solely in connection with this action, shall keep such information strictly confidential, and shall

1  in no way disclose such information, or any portion, summary, abstract, or other
2  derivation thereof, to any firm, person, or entity, except as provided in paragraph 4.

3      **4.**    **Disclosure of Confidential Information.**  Access to Confidential
4  Information shall be limited to:

5        *(a)*    *Attorneys.*  Attorneys of record for the parties in this civil action
6  and other personnel in their law firm(s) (including other attorneys,
7  paralegals, and other staff personnel (collectively "staff
8  personnel")) who require access for the purpose of representing
9  any party in this action.

10        *(b)*    *Named Parties.*  The named parties in this action.

11        *(c)*    *Experts and Consultants.*  Outside experts or consultants retained
12  in connection with this action; however, the retaining party must
13  provide notice to Defendant before providing access to
14  Confidential Information to that expert or consultant if any such
15  expert or consultant is currently or has ever been an employee of or
16  consultant to any competitor of Defendant. (This notice
17  requirement is not intended to include any expert or consultant
18  retained in connection with this action who may have, or have had,
19  an independent consultant contractor contract with any competitor
20  of Defendant, as long as he or she is not currently an employee of
21  any such competitor.)

22        *(d)*    *Witnesses.*  Witnesses who testify at depositions, hearings, or trial,
23  if any such further proceedings occur in this case; however, a party
24  must provide notice to Defendant before providing access to
25  Confidential Information to that witness if any such witness is
26  currently an employee of any competitor of Defendant. (This
27  notice requirement is not intended to include any witness who may

28

have, or have had, an independent consultant contractor contract with any competitor of Defendant, as long as he or she is not currently an employee of any such competitor.)

(e) *Court Reporters and Videographers.* Court reporters and videographers appearing at depositions, hearings, or trial, if any such further proceedings occur in this case.

(f) *Court.* The Court and its personnel, and jurors as necessary for trial.

(g) *Appropriate Personnel of any Insurance Company That is Providing or That May Provide Coverage in This Litigation.* Any assigned adjuster or other appropriate personnel of any insurance company that is providing or that may provide coverage for any claims in this litigation.

(h) *Other persons.* Without the necessity of further Court order, any other person who the parties jointly agree may have access to the Confidential Information.

**5.  Non-Waiver of Confidentiality or Objection to Production.** Review of Confidential Information by any person in paragraph 4 above shall not waive the confidentiality of that information and shall not waive any objection to production of that information.

**6.  Execution of Agreement to Comply with Stipulated Protective Order (Attachment A).** Each person who is permitted access to any other party's Confidential Information under paragraph 4 shall be provided a copy of this Stipulated Protective Order and shall be advised of their obligation to honor the confidentiality of the documents designated under this Order. Persons who are provided disclosure of confidential information under paragraphs 4(c), (d), and (h) shall, in addition, sign the Agreement to Comply with Stipulated Protective Order ("Agreement") that is attached

as Attachment A.  Any attorney of record in this action who provides such access to any such persons under paragraphs 4(c), (d), or (h) shall retain that person's signed Agreement in his or her files during the pendency of this action, and upon request shall make the signed Agreement available for inspection by the Court.

**7.    Inadvertent Disclosure of Confidential Information.**  The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality.  Within fifteen (15) days of discovering such inadvertent or unintentional disclosure, any party to this Order may advise the other parties that the Confidential Information is to be designated as Confidential under the terms of this Order.

**8.    Inadvertent Disclosure of Privileged Information.**  In the interest of expediting discovery in these proceedings and avoiding unnecessary costs, (a) inadvertent or unintentional disclosure in this litigation of privileged information and/or work product shall not be deemed a waiver, in whole or in part, of any otherwise valid claim of privilege, immunity, or other protection; and (b) failure to assert a privilege and/or work product in this litigation as to one document or communication shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection as to any other document or communication allegedly so protected, even involving the same subject matter.  In the case of inadvertently produced privileged and/or work product documents, upon the recipient becoming aware that he or she has received such documents that clearly were inadvertently produced, or upon a request made by producing party, the documents together with all copies made of them and any notes made from them shall be returned forthwith to the party claiming privilege and/or work product immunity.  Any party may, within five (5) court days after notification of inadvertent disclosure under this paragraph, object to the claim of inadvertence by notifying the designating or producing party in writing of that objection and specifying the designated or produced

material to which the objection is made.  The parties shall confer within fifteen (15) days of service of any written objection.  If the objection is not resolved, the designating party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute.  If a motion is filed, information subject to dispute shall be treated consistently with the designating or producing party's most recent designation until further order of this Court.

9. **Depositions.**  Any deposition which a party determines will or might reasonably include disclosure of Confidential Information shall be attended only by those persons entitled to receive such Confidential Information pursuant to this Order, but this shall not be construed to allow any such person to attend a deposition he or she otherwise would not be allowed to attend.  During a deposition, any party may ask the reporter to designate certain portions of the testimony as Confidential, in which case the Confidential portions shall be separately transcribed and labeled as Confidential.  In addition, within thirty (30) days after a copy of the transcript taken at the deposition is delivered to the parties, counsel may designate the entirety or any specified portion of the transcript or exhibits thereto as Confidential by letter to the opposing party.  Until such thirty-day period expires, the entirety of such transcripts and all exhibits thereto shall be treated as Confidential and subject to this Order.  After such thirty-day period expires, such transcripts, exhibits, or portions thereof designated as Confidential shall be treated as such under this Order.  If no such designation is made within thirty days, such transcripts or exhibits shall not be subject to this Order, except for good cause shown by the designating party.

10. **Filing with Court.**  In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated as Confidential, and only those specific portions of briefs, applications, and other filings that either contain verbatim Confidential Information or set forth the substance of such Confidential Information.  In the event

any specific documents or deposition testimony designated as Confidential are included with or in any way disclosed in any pleading, motion, deposition transcript or other paper filed with the Court, such Confidential Information shall be filed under seal, pursuant to the applicable procedures required by the Court's Standing Order (Docket No. 6 at 14-17).  The Court retains the power, either upon motion of any interested party or on its own motion, to determine whether materials filed under seal shall remain sealed. Any such Confidential Information that is filed under seal shall be done so in a sealed envelope (or other sealed container) marked with the title of this action, the title of each such transcript or document being filed, and a statement substantially in the following form:

### CONFIDENTIAL

Pursuant to the Order of the Court dated _____, 2014, this envelope containing the above-entitled transcripts or documents filed by [the name of the party], is not to be opened nor the contents thereof displayed or revealed, except in accordance with an Order of the Court.

**11.    Objection to Designation.**  If any party to the litigation disputes the designation of any document or information as Confidential Information, before seeking the assistance of the Court, the parties must first confer in good faith in an attempt to resolve the question of whether or on what terms the document or information is entitled to Confidential treatment.  The party objecting to the Confidential designation shall notify the designating party, and the designating party shall respond within ten (10) days.  If the parties are unable to agree as to whether the document or information is properly designated as Confidential Information, the party objecting to the designation may file an appropriate motion with the Court.  The burden of proving the propriety of the designation rests on the party who has made the

designation. Until a resolution of the dispute is achieved either through consent or Court Order, the parties shall treat the designated document or information as Confidential Information.

**12.  Return of Confidential Information Upon Termination.** Upon the termination of this action, whether by Court order, judgment, settlement, or otherwise, including the termination of any appeals, each party will return to the other all documents designated as Confidential and all copies or reproductions of such documents designated as Confidential. The return of Confidential materials shall be completed within thirty (30) days after termination of this civil action. Any attorney of record in this action who provides access to Confidential Information to any expert, consultant, witness, or other person defined in paragraphs 4(c), (d), or (h) is responsible for the retrieval from any such expert, consultant, witness, or other person of all documents designated as Confidential and for the return of all documents designated Confidential; and the work product prepared by any such expert, consultant, witness, or other person derived from that Confidential Information shall be destroyed and/or returned to that attorney of record. All correspondence, communications, or other work product of attorneys, parties, and insurers relating to confidential information shall be destroyed and/or kept confidential upon the termination of this action. This Order, the jurisdiction of this Court, and the obligation to keep Confidential Information confidential, shall survive the final termination of this action.

**13.  Request to Produce Confidential Information by Subpoena or Otherwise.** If any party who has received Confidential Information is asked to produce such information, by subpoena or otherwise, for purposes of use in a separate legal action, the party receiving such a request shall promptly inform the producing party that such request has been received and shall object to such request on the basis of this Order.

**14. Waiver of Privilege and Admissibility.** Nothing in this Order shall be deemed a waiver of any type of privilege applicable to any document or type of information in this or any other action or proceeding.  Nothing in this Order shall be construed to affect the evidentiary admissibility of any Confidential Information.

**15. Use of Documents Acquired Lawfully or Through Other Litigation.** This Order shall not prevent any persons bound hereby from making use of any document or information without the restrictions of this Order if the document or information came into their possession lawfully and if the document or information or envelope was not designated "Confidential" and/or subject to a protective order or other restrictive court order in another legal action, or where there has been a final judgment (including any appeal therefrom) where the document or information was deemed to not be confidential.

**16. Non-Party's Confidential Information.** Any non-party producing discovery material or giving deposition testimony in this action may avail herself, himself, or itself of the confidential treatment provided for in this Order for her, his, or its discovery material or testimony by following the procedures provided herein.  This Order shall be binding on such non-parties unless they object to its terms within ten (10) days of service upon them of this Order.

**17. Modification.** This Order shall not prevent any party from applying to the Court for modification of the Order or for further relief.

**18. Failure to Comply.** Failure to comply with this Order shall be a basis for monetary sanctions or other appropriate relief.

**19. Subtitles.** The subtitles in this Order have been provided for convenience only and are not to be considered in construing or interpreting the meaning of this Order.

**SO ORDERED: Parties are to comply with LR 79-5 as to filings under seal.**

Dated: June 13, 2014         _____/s/_____
                              The Honorable Victor B. Kenton
                              U.S. MAGISTRATE JUDGE

11

STIPULATED PROTECTIVE ORDER

6344680 V1

**Attachment A**

Eva M. Weiler (SBN: 233942)
eweiler@shb.com
Brian Ziska (SBN: 272043)
bziska@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949-475-1500
Facsimile: 949-475-0016

Attorneys for Defendant Boston
Scientific Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHROU TOUBIAN, AN INDIVIDUAL; AND KAMRAN TOUBIAN, AN INDIVIDUAL<br><br>PLAINTIFFS,<br><br>VS.<br><br>BOSTON SCIENTIFIC CORPORATION, A DELAWARE CORPORATION; AND DOES 1 TO 100, INCLUSIVE,<br><br>Defendants. | Case No. CV 14-2954-JFW (VBKx)<br><br>**AGREEMENT TO COPLY WITH STIPULATED PROTECTIVE ORDER**<br><br>[Filed concurrently with Stipulation for Protective Order]<br><br>Complaint Filed: April 8, 2014 |

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order entered by the Court in this action. I understand the terms of the Court's Order and under oath consent to be bound by the terms of that Order as a condition to being provided access to Confidential Information (including documents and discovery) furnished by the parties. Furthermore, by executing this Agreement to Comply with Stipulated Protective Order, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Stipulated Protective Order.

1

STIPULATED PROTECTIVE ORDER

6344680 V1

|   |   |
|---|---|
| 1 |   |
| 2 | (NAME) |
| 3 | (ADDRESS |
| 4 | (CITY)      (STATE)      (ZIP) |
| 5 | (TELEPHONE NUMBER) |

STATE OF _____ )
                        ) ss.
COUNTY OF _____ )

Subscribed and sworn to, before me a Notary Public, this _____ day of _____, 201__.

(SEAL)            Notary Public

                  _____
                  Typed or Printed Name

2
STIPULATED PROTECTIVE ORDER

6344680 V1